UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DOUGLAS GENE MAYBERRY, | ) | CV F 05 0747 OWW LJO HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS PURSUANT TO 28 |
| | ) | U.S.C. § 2241 |
| | ) | |
| WARDEN ELLIS, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, a federal prisoner proceeding pro se, has filed an application for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**BACKGROUND[1]**

Petitioner is currently in custody of the Bureau of Prisons at the Taft Federal Correctional Institute located in Taft, California, pursuant to a judgment of the United States District Court for the Middle District of Alabama entered on March 5, 1997, following his conviction by jury trial of: 1) Conspiracy to distribute marijuana in violation of 21 U.S.C. §§ 841 and 846; and 2) Money laundering in violation of 18 U.S.C. §§ 1953 and 2. See p. 2, Petition. Petitioner was sentenced to

---

[1] This information was derived from the petition for writ of habeas corpus.

determinate prison terms of 292 months on Count 1 and 240 months on Count 2, with Count 2 to run concurrent. Id.

Petitioner appealed the conviction to the Eleventh Circuit Court of Appeals. On May 10, 1999, the Eleventh Circuit dismissed the appeal. Id.

Thereafter, Petitioner filed a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in the sentencing court. On December 27, 2004, the sentencing court denied the motion. Id.

On June 9, 2005, Petitioner filed the instant petition for writ of habeas corpus in this Court. Petitioner alleges the following ground for relief: 1) "Whether in light of the Supreme Court's Blakely, Booker/Fanfan decisions, resentencing is entitled in this case."

## JURISDICTION

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, *only the sentencing court has jurisdiction*. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

In this case, Petitioner is challenging the validity and constitutionality of his sentence rather

than an error in the administration of his sentence.  Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.   Petitioner concedes this fact.  Petitioner admits bringing this petition as a § 2241 petition instead of a § 2255.  However, a petition contending Petitioner's conviction is invalid is still a § 2255 petition regardless of what Petitioner calls the petition.  See Brown, 610 F.2d at 677.

In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255).  Although there is little guidance from any court on when § 2255 is an inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow exception. Id; Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.);  Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956).  The burden is on the petitioner to show that the remedy is inadequate or ineffective.  Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

In the petition for writ of habeas corpus, Petitioner makes the claim that § 2255 is inadequate and ineffective.  Petitioner contends that he has not challenged his sentence based on the Supreme Court's decisions in Blakely v. Washington, 542 U.S. ----, 124 S.Ct. 2531 (2004). In Blakely, the Supreme Court reaffirmed its holding in Apprendi. Blakely, 124 S.Ct. at 2536.  In Apprendi, the Supreme Court held that "any fact [other than a the fact of a prior conviction] that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, 506 U.S. 466, 488-490 (2000). Petitioner claims that § 2255 review is "inadequate or ineffective" within the meaning of the "savings clause" of § 2255 because he has already filed a motion pursuant to § 2255 which was denied.

The Ninth Circuit has provided little guidance on what constitutes "inadequate and ineffective" in relation to the savings clause.   The Ninth Circuit has acknowledged that "[o]ther

1  circuits have held that . . . a federal prisoner who is actually innocent of the crime of conviction, but
2  who has never had an unobstructed procedural shot at presenting a claim of innocence, may resort to
3  § 2241 if the possibility of relief under § 2255 is foreclosed." Lorentsen v. Hood, 223 F.3d 950, 954
4  (9th Cir.2000) (internal citations omitted).  Nevertheless, the Ninth Circuit in Lorentsen specifically
5  declined to decide whether to adopt the holdings of any other circuits.  Id.  Notably, however, the
6  Ninth Circuit did find that the Petitioner in Lorentsen could not invoke the "escape hatch in § 2255"
7  because the Petitioner was not "actually innocent" of the underlying conviction.  Id.

8      It is clear that Petitioner's arguments do not demonstrate the § 2255 forum to be inadequate
9  or ineffective. In Blakely, the Supreme Court reaffirmed the holding in Apprendi, which was
10 decided on June 26, 2000. Blakely, 124 S.Ct. 2531; Apprendi, 506 U.S. 466.  Petitioner's motion
11 pursuant to § 2255 was not decided motion until December 27, 2004, over four years later. Petitioner
12 does not state whether he raised his sentence challenges based on Apprendi to the Eleventh Circuit in
13 his § 2255 motion, but it is plain that Petitioner had the opportunity.  If Petitioner did not present his
14 Apprendi challenge to the Eleventh Circuit in the first § 2255 motion, only he can be faulted for his
15 failure to do so.  If Petitioner did present his Apprendi challenge and the Eleventh Circuit denied the
16 motion, Petitioner did have an "unobstructed procedural shot" and used it.  Furthermore, Petitioner
17 has not stated whether he has sought permission from the Eleventh Circuit to file a successive § 2255
18 motion. It is possible that the Eleventh Circuit would grant such a motion in which case Petitioner
19 would have yet another opportunity to present his claim in the proper forum. Thus, Petitioner has not
20 shown that he did not have an "unobstructed procedural shot" at presenting his challenges to the
21 Eleventh Circuit.

22     Even if the petition were allowed to pass through the savings clause, it would be without
23 merit. The Ninth Circuit has held that "the Supreme Court has not made Blakely retroactive to cases
24 on collateral review." Cook v. United States, 386 F.3d 949, 950 (9th Cir.2004). Petitioner argues that
25 the Supreme Court will address the question of retroactivity in Pearson v. United States, 125 S.Ct.
26 2277 (2005). However, the Supreme Court denied the petition for writ of certiorari in Pearson. Id.
27     Therefore, the petition should be dismissed.
28

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED because the petition does not allege grounds that would entitle petitioner to relief under 28 U.S.C. § 2241.

These Findings and Recommendations are submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    June 27, 2005**                    /s/ Lawrence J. O'Neill
b9ed48                                                   UNITED STATES MAGISTRATE JUDGE